UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hilda Garcia,<br><br>          Plaintiff,<br><br>v.<br><br>Juana Cantero; Carlos Cantero<br>Does 1 to 10 Inclusive,<br><br>          Defendant. | Case No.: 17-cv-0983-GPC(BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) SUA SPONTE REMANDING ACTION TO STATE COURT** |

   On May 12, 2017, Defendant, Carlos Cantero ("Defendant"), proceeding pro se, filed a motion to proceed *in forma pauperis* ("IFP") and a notice of removal of this unlawful detainer action from the Superior Court of the State of California for San Diego County. Having reviewed the motion to proceed IFP, the Court GRANTS the motion. Additionally, the Court finds it does not have subject matter jurisdiction over this action. Accordingly, the Court *sua sponte* REMANDS the action to state court.

## Discussion

### A. Motion to Proceed *In Forma Pauperis*

   All parties instituting any civil action, suit, or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of $400. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The party must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

The Court has reviewed Defendant's declaration and finds that he is unable to pay fees or post securities required to maintain this action. Defendant has submitted an application, stating that he has fixed disability income at $1,350 per month and no employment. He further states he has no assets and expenses of $1,500 per month. Due to Defendant's monthly expenses exceeding Defendant's monthly income, the Court finds that Defendant is unable to pay the filing fee. Therefore, the Court GRANTS Defendant's motion for leave to proceed IFP.

**B.** *Sua Sponte* **Remanding Action to State Court**

Any action brought in state court may be "removed by the defendant or the defendants" to the district court. 28 U.S.C. § 1441; see also 28 U.S.C. §1446 ("A defendant or defendants desiring to remove any civil action from State court shall file . . . a notice of removal . . . .") "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94-95 (1988).

Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. Here, Defendant argues that the Court has subject matter jurisdiction under federal question. For an action to be removed on the basis of federal question jurisdiction, the

complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393. Moreover, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

While a plaintiff may choose to file suit in state court and avoid federal question, a plaintiff may not use "artful pleading" to avoid federal jurisdiction by excluding necessary federal questions in the complaint. Franchise Tax Bd., 463 U.S. at 22 (citations omitted). The artful pleading doctrine states, a state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law[]; (2) where the claim is necessarily federal in character[]; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question []." ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000).

A review of the state court's complaint in this case shows that Plaintiff, Hilda Garcia ("Plaintiff"), alleges a single cause of action for unlawful detainer under California state law. In the notice of removal, Defendant argues that a federal statute,

3

Protecting Tenants at Foreclosure ("PTFA")[1], provides the Court with federal question jurisdiction for two reasons: (1) the unlawful detainer action actually asserts a cause of action under the PTFA, and (2) the PTFA 90-day notice requirement preempts California state law on notice and thus is a required element of an unlawful detainer action.

Foremost, "the PTFA expired on December 31, 2014." Fairview Tasman LLC v. Young, Case No. 15cv5493-LHK, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (citing Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010) (setting date of expiration)); see also Franks v. Franks, Case No. 17cv893-CAB-AGS, 2017 WL 1735169, at *2 (S.D. Cal. May 4, 2017). Here, the unlawful detainer action was filed on March 6, 2017, and there is no indication that any of the facts constituting the unlawful detainer action occurred prior to December 31, 2014. Even if the PTFA applied, Defendant's arguments are without merit.

The PTFA does not create a cause of action for a tenant. Logan v. U.S. Bank Nat'l.

---

[1] The Protecting Tenants at Foreclosure Act of 2009 states that:

> … In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to—
>
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
> (2) the rights of any bona fide tenant, as of the date of each notice of foreclosure—
> (B) without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of the 90 day notice under subsection (1)[.]

See Pub. L. No. 111–22, § 702, 123 Stat. 1632, 1660-61 (2009). The Protecting Tenants at Foreclosure Act was enacted to provide certain protections to tenants of foreclosed properties, including the right to live on the foreclosed property for the duration of the lease and the right to receive a 90 day notice to vacate. Nativi v. Deutsche Bank Nat. Trust Co., No. 09-06096 PVT, 2010 WL 2179885, at *3 (N.D. Cal. May 26, 2010) (holding that the PTFA does not create a private right of action but rather created protections for tenants in state court proceedings.) The Court also questions whether Defendant's property is subject to the PTFA as there is no indication that a foreclosure sale has occurred.

Ass'n, 722 F.3d 1163, 1169 (9th Cir. 2013). In Logan v. U.S. Bank Nat'l. Ass'n., the court analyzed the Congressional record to determine that Congress showed no implicit or explicit intent to create a cause of action under the PTFA. Id; see also Nativi v. Deutsche Bank Nat'l Trust Co., No. 09-06096 PVT, 2010 WL 2179885 (N.D. Cal. May 26, 2010). Subsequent to Logan, district courts have cited Logan to support holdings that the PTFA does not create a cause of action for landlords. Fairview Tasman LLC v. Young, Case No. 15cv5493-LHK, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (holding that the Logan reasoning also applies to an implied right of action for landlords); San Diego Pacificvu LLC v. Wade, No. 15-CV-00181-BAS RBB, 2015 WL 588561, at *3 (S.D. Cal. Feb. 11, 2015). In Logan, the court held that the PTFA neither explicitly nor implicitly creates a cause of action, but instead explained that the PTFA is a defense in California state eviction proceedings. Logan, 722 F.3d at 1173. Therefore, the PTFA does not create a cause of action that could have originally been brought in federal court and the PTFA as a defense is insufficient to create jurisdiction. See Caterpillar Inc., 482 U.S. at 393.

"Preemption gives rise to federal question jurisdiction only when an area of state law has been completely preempted by federal law." Perez v. Nidek Co. Ltd., 657 F. Supp. 2d 1156, 1161 (S.D. Cal. 2009) (citing Caterpillar Inc., 482 U.S. at 393); see also Wells Fargo Bank v. Lappen, No. C 11-01932 LB, 2011 WL 2194117, at *4 (N.D. Cal. June 6, 2011). Defendant argues that the PTFA 90-day notice requirement preempts less protective state laws, such as those here in California, and that Plaintiff must show compliance with the PTFA's notice requirement in order to make a prima facie showing of an unlawful detainer claim. However, Defendant has not demonstrated that the PTFA preempts any state provision and district courts have rejected the argument that the PTFA preempts state law and have held it is not a basis for federal question jurisdiction. See Bay Home Pres. Serv. v. Nguyen, 15cv506-LHK, 2015 WL 1262144, at *2 (N.D. Cal. March 17, 2015); Wells Fargo Bank, 2011 WL 2194117, at *4; BDA Invest. Props. LLC

v. Sosa, No. CV 11-3684 GAF (RZx), 2011 WL 1810634, at *2 (C.D. Cal. May 12, 2011) (citing Robinson v. Michigan Consol. Gas Co. Inc., 918 F.2d 579, 585 (9th Cir. 1990) ("The scope of complete preemption as recognized by the Supreme Court is extremely limited, existing only where a claim is preempted by section 301 of the Labor Management Relations Act of 1947; where a state law complaint alleges a present right to possession of Indian tribal lands; and where state tort or contract claims are preempted by . . . the Employee Retirement Income Security Act of 1974.")). Thus, Defendant's argument is without merit.

In sum, Defendant's assertion of federal subject matter jurisdiction is without merit. Plaintiff's state law unlawful detainer claim does not confer federal question jurisdiction, and thus is not removable.

## Conclusion

Based on the above, the Court GRANTS Defendant's motion to proceed IFP and the Court *sua sponte* REMANDS the action to the Superior Court of the State of California for San Diego County.[2]

**IT IS SO ORDERED.**

Dated: June 7, 2017

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] On May 25, 2017, Plaintiff filed a motion to remand. However, after *sua sponte* review, the Court remands the case to state court without further briefing from the parties.